UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **A3 Artists Agency, LLC,** | § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | C.A. NO. 1:23-cv-00715-RP |
| **Night Media, Inc. & Ezra Cooperstein,** | | |
| *Defendants.* | | |

### DEFENDANTS' MOTION TO DISMISS
### UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants Night Media, Inc. and Ezra Cooperstein file this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

In September 2011, the Texas Legislature repealed the occupational regulation requiring persons to maintain a certificate of registration before operating a talent agency in Texas. *See* Tex. Occ. Code Ann. § 2105.001 (Repealed by Acts 2011, 82nd Leg., ch. 565 (H.B. 3167) § 1.01, eff. Sept. 1, 2011). There is now no regulation in Texas requiring any person or entity operating a talent agency to maintain any certificate or license. California, by contrast, has long maintained the California Talent Agency Act, which requires persons and entities who "engage in or carry on the occupation of a talent agency" to first obtain a license with the California Labor Commissioner. Cal. Lab. Code § 1700.5. This lawsuit concerns Plaintiff A3 Artists Agency, LLC's allegations that Night Media (a Texas resident) has engaged in unfair competition under the California Unfair Competition Law by failing to comply with certain requirements under the California

Talent Agency Act, and that Night and Cooperstein (also a Texas resident) have engaged in related tortious conduct, resulting in one employee and one client transitioning from A3 to Night Media.

Despite invoking the substance of the California Talent Agency Act, A3 has attempted to evade the mandatory administrative procedures underlying the Act. "In cases of controversy arising under [the Act], the parties involved **shall** refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo." Cal. Lab. Code § 1700.44(a) (emphasis added). The California Supreme Court has made clear that "[t]his broad language plainly requires all such controversies and disputes between parties to be examined in the first instance by the Commissioner[.]" *Styne v. Stevens*, 26 Cal. 4th 42, 26 P.3d 343 (2001). Stated another way, "[t]he Labor Commissioner is given exclusive original jurisdiction over controversies colorably arising under the [Act.]" *Id*. Notwithstanding the exclusive jurisdiction of the California Labor Commissioner, A3 brings this lawsuit under the California Unfair Competition Law, derivatively relying upon the California Talent Agency Act, to avoid first pursuing these claims before the California Labor Commissioner—opting instead to sue two Texas residents in this federal court sitting in Texas. A3's artful pleading is improper and fails to provide A3 with grounds to pursue the relief it seeks based on the conduct about which it complains in this forum.

The Court should dismiss A3's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) because: (1) A3 fails to plead facts demonstrating that the California Unfair Competition Law should apply outside of California, and (2) even if A3 had pled such facts, the conduct about which A3 complains must be first adjudicated under the

Talent Agency Act with the California Labor Commissioner and A3 fails to plead facts that it has satisfied this mandatory precondition to filing suit.

## ARGUMENT AND AUTHORITY

### A. Legal Standard.

To defeat a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). When a court deals with a Rule 12(b)(6) motion, the court determines only whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, a court's task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## B.    A3 Fails to Plead Facts Demonstrating that the California Unfair Competition Law Should Apply Outside of California.

A3 asserts a claim against Night Media under the California Unfair Competition Law based on alleged violations of the California Talent Agency Act.  A3 claims that Night Media has violated the Talent Agency Act on the grounds that it is not licensed as a talent agency, Night Media holds itself out as being capable of and actually performing work as a talent agency, and such "ongoing operation as an unlicensed talent agency is a violation of California's Unfair Competition Law, Section 17200 of the California Business and Professions Code."  Dkt. No. 1 ¶¶ 30–32.  But A3 fails to plead facts showing that the California Unfair Competition Law should apply against Night Media outside of California.

Indeed, California maintains a presumption against the extraterritorial application of its statutes.  *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207, 254 P.3d 237, 248 (2011).  "However far the Legislature's power may theoretically extend, [California courts] presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, unless such intention is clearly expressed or reasonably to be inferred from the language of the statute or from its purpose, subject matter or history."  *Id.* (citations omitted) (cleaned up).  The California Supreme Court has been clear that the presumption against the extraterritorial application of its statutes "applies to the UCL [Unfair Competition Law] in full force," noting that "[n]either the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially."  *Id.* (citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 223, 85 Cal. Rptr. 2d 18, 23 (1999) (noting that the

California Legislature did not intend for the Unfair Competition Law to regulate conduct outside of California)).

Notwithstanding, A3 asserts a claim against Night Media under the California Unfair Competition Law in this federal court sitting in Texas but fails to plead facts to overcome California's presumption against the extraterritorial application of the California Unfair Competition Law. Quite the opposite, A3 pleads that Night Media "is a Delaware corporation with its principal place of business [in] Austin, Texas[,]" Dkt. No. 1 ¶ 1; A3 pleads that "[v]enue is proper in this district because Night's principal place of business is located within this district," *id.* ¶ 6; and A3 has filed this lawsuit in Texas—establishing an unmistakable inference that the conduct at issue in this lawsuit took place in Texas, not California. A3's Complaint also lacks a single allegation that the allegedly wrongful conduct took place in, or emanated from, California. This omissions is fatal to A3's Complaint because "a plaintiff may not assert an unfair competition claim against [a] corporation where the activities giving rise to the claim occurred outside California." *Kearney v. Hyundai Motor Co.*, No. SACV 09-1298 DOC, 2010 WL 9093204, at *8 (C.D. Cal. June 4, 2010) (internal citations omitted).

Because A3 fails to plead facts to overcome California's presumption against the extraterritorial application of the California Unfair Competition Law, its claim against Night Media under same fails as a matter of law. *See, e.g.*, *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1097 (C.D. Cal. 2015) ("Because Warner does not adequately allege whether decisions concerning Tinder's business practices and advertising emanated from California, and does not plead facts demonstrating that this is so, his UCL claim fails."); *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11–915–JST, 2012 WL 4761733, at *6 (C.D. Cal. Apr. 12, 2012) (concluding that the plaintiff's allegation that the

defendants' scheme was devised, implemented, and directed from their offices in California was too conclusory to sustain a claim under the California Unfair Competition Law); *Gross v. Symantec Corp.*, No. CV 12–00154 CRB, 2012 WL 3116158, *7 (N.D. Cal. July 31, 2012) (even where the plaintiff had alleged that the defendant was headquartered in California, "several courts have found that this allegation is not enough to create a plausible inference that the unlawful conduct emanated from that location").[1]

### C. The Conduct about which A3 Complains Must Be First Adjudicated under the Talent Agency Act with the California Labor Commission and A3 Fails to Plead Facts that It Has Satisfied this Mandatory Precondition to Filing Suit.

Even if A3 had properly pled facts sufficient to overcome California's presumption against extraterritorial application (which it has not), A3's Complaint should still be dismissed because the conduct about which it complains must first be adjudicated under the Talent Agency Act with the California Labor Commissioner, and A3 fails to plead any facts demonstrating that it has satisfied this mandatory precondition to filing suit.

A3 asserts three interrelated claims against Night Media and Cooperstein: (1) an unfair competition claim against Night Media under the California Unfair Competition Law based on alleged violations of the Talent Agency Act, Dkt. No. 1 ¶¶ 29–32; (2) a tortious interference claim against Night Media and Cooperstein based on their alleged interference with an employment agreement, *id.* ¶¶ 38–41; and (3) a tortious interference claim against Night Media and Cooperstein based on their alleged interference with a client contract, *id.* ¶¶ 42–45. These claims are interrelated, according to A3, which contends that "Night's business model—which violates the Talent Agency Act—has caused

---

[1] Defendants do not concede that the Talent Agency Act (or any other California law) applies extraterritorially either. Because each of the claims A3 advances through this lawsuit are derivative of the Act and are nothing more than an improper attempt to try to avoid the administrative exhaustion requirements in the Act, as detailed below, the claims must be dismissed.

artists and talent agents to terminate their relationships with A3[.]" *Id.* ¶ 13. Each of these claims must therefore be first adjudicated with the California Labor Commissioner under the Talent Agency Act.

The Talent Agency Act prohibits individuals and entities from "engag[ing] in or carry[ing] on the occupation of a talent agency without first procuring a license therefor from the Labor Commission." Cal. Lab. Code § 1700.5. Claims concerning conduct prohibited by the Act must be brought pursuant to the mandatory administrative procedures underlying the Act. "In cases of controversy arising under [the Talent Agency Act], the parties involved shall refer the matters in dispute to the [California] Labor Commissioner, who shall hear and determine same, subject to an appeal within 10 days after determination, to the [California] superior court where the same shall be heard de novo." Cal. Lab. Code § 1700.44(a). According to the California Supreme Court, "[t]his broad language plainly requires all such controversies and disputes between parties to be examined in the first instance by the Commissioner[.]" *Styne*, 26 Cal. 4th 42, 26 P.3d 343 (2001) (citations omitted) (cleaned up). "**The Labor Commissioner is given exclusive original jurisdiction over controversies colorably arising under the TAA**[.]" *Id.* (emphasis added).

To this end, **the Talent Agency Act's "statutory scheme creates an absolute bar to plaintiffs who wish to circumvent the pre-suit requirement of filing first with the Commissioner**." *Blanks v. Seyfarth Shaw LLP*, 171 Cal. App. 4th 336, 350, 89 Cal. Rptr. 3d 710, 720 (2009) (emphasis added). The plaintiff in *Blanks,* like A3 here, filed a lawsuit under the California Unfair Competition Law based on alleged violations of the Talent Agency Act without first presenting his grievance to the California Labor Commissioner. *Id.* at 363. In addressing the impropriety of this maneuver, the

7

court noted that the Talent Agency Act "mandates that cases colorably arising under the TAA must first be filed with the Commissioner[.] . . . **This is a procedural predicate-filing requirement that cannot be circumvented by recasting a TAA cause of action as a UCL cause of action**." *Id.* at 365 (emphasis added). After repeatedly emphasizing that the plaintiff "could not utilize the UCL cause of action to avoid the Commissioner's exclusive primary jurisdiction[,]" *id.* at 368, the court reversed and remanded a jury's entry of judgment in favor of the plaintiff under the California Unfair Competition Law for violations of the Talent Agency Act. *Id.* at 346.

The issue before this Court is substantively indistinguishable from the issue in *Blanks*. Like the plaintiff in *Blanks*, A3 here attempts to utilize the California Unfair Competition Law to evade the California Labor Commissioner's exclusive primary jurisdiction over its interrelated claims against Defendants—each of which is based on and related to Night Media's business model and alleged violations of the Talent Agency Act. The following contentions demonstrate the interrelated nature of A3's claims that Night Media has violated the Talent Agency Act, interfered with an employment agreement, and interfered with a client contract:

- "Night [Media]'s business model—which violates the Talent Agency Act—has caused artists and talent agents contracted to A3 to terminate their relationship with A3[.]" Dkt. No. 1 ¶ 13

- "Night [Media] unfairly competes with A3 on an ongoing basis by operating— in violation of the Talent Agency Act—as an unlicensed talent agency, thereby undercutting the fees A3 would have otherwise earned and making Night [Media] a more attractive option for talent[.]" *Id.* ¶ 27.

- "Night [Media]'s unlicensed model allows it to out-compete A3 for business and employee talent." *Id.* ¶ 33.

- "Night [Media] and Cooperstein also interfered with Client 1's contract with A3 by, upon information and belief, representing to Client 1 that Night [Media]

could act as both agent and manager, despite the fact Night [Media] is not a licensed talent agency as required by the Talent Agency Act." *Id.* ⁋ 44.

While Night Media and Cooperstein reserve the right to address the merits of A3's claims once appropriately presented to the California Labor Commissioner, these claims must nonetheless first be brought to the Labor Commission, who "alone will decide, in the first instance, whether the facts do bring the case within the Act." *Styne*, 26 Cal. 4th at n. 6; *see also Buchwald v. Katz*, 8 Cal. 3d 493, 496, 503 P.2d 1376, 1377 (1972) (holding that the California Labor Commissioner had exclusive jurisdiction to determine his jurisdiction over a dispute where the facts alleged permitted an inference that the parties' relationship involved unlicensed talent agency services); *see also Blanks*, 171 Cal. App. 4th at 362–63 ("[A] conclusion that the superior court has the prior exclusive right to determine the issue of jurisdiction would undermine the clear purpose of [the Act], and the principle of exhaustion of administrative remedies generally, by giving the court, not the Commissioner, the exclusive right to decide in the first instance all the legal and factual issues on which an Act-based defense depends.").

Here, A3 fails to plead allegations demonstrating that it has addressed the conduct about which it complains in this lawsuit with California Labor Commissioner. A3 therefore fails to plead that it has satisfied the mandatory administrative procedures underlying the Act. For this additional reason, A3's Complaint must be dismissed in its entirety.

## **CONCLUSION**

A3's claim under the California Unfair Competition Law against Night Media, and A3's tortious interference claims against Night Media and Cooperstein, should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Dated: August 18, 2023

Respectfully submitted,

*/s/ Michael P. Jones*
Michael P. Jones
michael.jones@morganlewis.com
Federal I.D. No.: 1091718
State Bar No. 24072174
John P. Bramble
john.bramble@morganlewis.com
Federal I.D. No: 3113007
State Bar No. 24101544
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that, on August 18, 2023, I served this document on Plaintiff A3 Artists Agency, LLC's counsel via CM/ECF.

*/s/ John P. Bramble*
John P. Bramble