IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| **A3 Artists Agency, LLC,** § § | | |
| *Plaintiff*, § § | | |
| v. § § | CIV. ACT. NO. 1:23-cv-00715 | |
| **Night Media, Inc. & Ezra Cooperstein,** § § | | |
| *Defendants*. § | | |

### PLAINTIFF A3 ARTISTS AGENCY, LLC'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE

Plaintiff A3 Artists Agency, LLC ("A3") lodges these objections (the "Objections") to United States Magistrate Judge Dustin M. Howell's (the "Magistrate Judge") Report and Recommendation (the "Report"). First, A3 respectfully disagrees with the Magistrate Judge's recommendation that A3 is preempted from alleging misconduct under the UCL because it alleged insufficient facts to show the misconduct occurred in California. (Report, pp. 6-7.) Second, A3 respectfully disagrees that A3's Complaint invokes the TAA such that the Commissioner has jurisdiction over A3's claims. Third, even so, if the Court agrees with the Magistrate Judge that the Labor Commissioner must first rule on the TAA issues, a conclusion to which A3 objects, a stay is the appropriate remedy instead of dismissal to allow the Commissioner time to review A3's claims. It is worth noting that while A3 lodges these Objections with the Court, such Objections are neither mandatory nor preclusive to A3 amending its Complaint and re-filing and A3 reserves its right to do so. Moreover, A3 lodges these Objections to preserve its right to an appeal should one become necessary. For these reasons, A3 files the following Objections to the Report in this matter.

**I.  A3 Objects to the Magistrate's Recommendation that it is Preempted under the UCL.**

A3 does not agree with the Magistrate Judge's conclusion that this matter is preempted. A3 does not allege that the unlawful conduct by Defendants occurred entirely outside the state of

California. *See Churchill Village, L.L.C. v. General Elec. Co.*, 169 F.Supp.2d 1119, 1126–1127 (N.D.Cal. 2000) (even though "California law embodies a presumption against the extraterritorial application of its statutes," California residents injured by out-of-state conduct could assert § 17200 claims against nonresident defendants); *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1099 (N.D. Cal. 2014) (Yelp sufficiently stated a claim under the UCL against a nonresident defendant).

Moreover, A3 has sufficiently alleged unlawful conduct under the UCL. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Nestle USA, Inc. v. Ultra Distribuciones Mundiales S.A. de C.V.*, 516 F. Supp. 3d 633, 655 (W.D. Tex. 2021) (finding that general allegations of injury at the pleading stage for UCL claims sufficient to withstand a motion to dismiss). Similarly, "[t]he allegations outlined [in the complaint] are enough at the pleadings stage to create a plausible inference that the unlawful conduct emanated from California." *Fernandez*, 593 F. Supp. 3d at 992.

A3 has sufficiently alleged that Defendants, who claim to be operating a management company, violated the TAA by actually operating as an unlicensed talent agency ***in California***— to their own advantage and unfairly competing with A3, a duly licensed talent agency. *See* ECF 1, Compl., ¶¶ 7-8, 10, 12 (Violating the TAA "allows Night an unlawful competitive advantage in terms of its profitability and the compensation it can pay agent employees when compared to licensed talent agencies, including A3."), 13, 31-35. Even "[a] single or incidental act of procurement brings one under the TAA." *Blanks v. Seyfarth Shaw LLP*, 171 Cal. App. 4th 336, 359 (2009); *see also Siegel v. Su*, No. 217CV07203CASSSX, 2018 WL 1393984, at *7 (C.D. Cal. Mar. 16, 2018), aff'd, 770 F. App'x 877 (9th Cir. 2019) (unlicensed talent agents with sufficient contacts in California are also subject to the TAA). While A3 concedes that the Complaint does not explicitly allege that the complained of conduct occurred, at least in part, in California, the Court is empowered to make reasonable inferences using experience and common sense. *See Iqbal*, 556 U.S. at 663-64, 678. A3 is a California citizen and talent agency located in California. ECF 1,

Compl., ¶¶ 3, 7. It reasonably follows that Defendants are unlawfully and unfairly competing with A3's business in California. *See Fernandez v. CoreLogic Credco, LLC.*, 593 F. Supp. 3d 974, 992 (S.D. Cal. 2022).

### II. A3 Objects to the Magistrate's Recommendation that the Labor Commissioner has Jurisdiction Over its Claims.

The TAA violations discussed in the Complaint are the *predicate acts* upon which the UCL claims are based. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A3 does not assert a claim under the TAA itself; A3 asserts claims under the UCL because Night has committed the unlawful practice under the TAA. The TAA merely provides the standards for determining whether Night's conduct is "independently wrongful." *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003). Moreover, "the scope of the Labor commissioner's jurisdiction is limited by statute." *Rebolledo v. Tilly's, Inc.*, 228 Cal. App. 4th 900, 917 (2014).

"The purpose of the Labor Code … is the protection of employees—particularly given the extent of legislative concern about working conditions, wages, and hours when the Legislature enacted key portions of the Labor Code. In furtherance of that purpose, we liberally construe the Labor Code … to favor the protection of employees." *Camp v. Home Deport U.S.A., Inc.*, 84 Cal. App. 5th 638, 648 (2022). Specifically, the TAA was "enacted for the protection of those seeking employment." *Buchwald v. Superior Ct. In & For City & Cnty. of San Francisco*, 254 Cal. App. 2d 347, 350 (Ct. App. 1967). This is not an employment dispute between an artist and an agent. It is a dispute between a licensed agency and a competitor who gains an unlawful advantage by avoiding the mandated requirements of licensure. Thus, while the TAA may be used as a predicate for Plaintiff's UCL claim, it does not preclude Plaintiff from bringing this action.

Lastly, public policy reasons do not mandate invoking the Commissioner's exclusive jurisdiction here. "Requiring actions based on defensive, as well as affirmative, invocations of the Act to first be submitted to the Commissioner 'serves the intended purpose of the doctrine of

exhaustion of administrative remedies—to reduce the burden on courts while benefiting from the expertise of an agency particularly familiar and experienced in the area.'" *Moyeda v. Ojeda*, No. B286301, 2019 WL 912596, at *2 (Cal. Ct. App. Feb. 25, 2019); *see also Salimi v. State Comp. Ins. Fund*, 54 Cal. App. 4th 216, 220 (1997) (finding that the Workers' Compensation Administrative Board was not created to adjudicate claims of bad faith and breach of contract or had jurisdiction to grant the remedies sought). Here, Plaintiff is not seeking to invoke the TAA as a primary cause of action—because this is not an employment dispute—rather, it is merely a predicate to the UCL claim. Accordingly, there is no TAA violation requiring exhaustion of administrative remedies.

Moreover, while the TAA may require an employee to take his or her claims against their own agent to the Labor Commissioner, the UCL does not so require such a step. Further, A3 is informed and believe that the Labor Commissioner would not accept jurisdiction if A3 presented its own claims against Night to the Labor Commissioner.

### III. A3 Objects to the Magistrate Judge's Recommendation Because a Stay is the Appropriate Remedy, Not Dismissal.

Should the Court, conclude that that Labor Commissioner's jurisdiction should be invoked, a stay is appropriate pending adjudication of A3's claims before the Commissioner. *Styne* found that where a lawsuit comes within the jurisdiction of the Commissioner, "the appropriate course is simply to stay the [] court proceedings and file a 'petition to determine controversy' before the Commissioner." *Styne v. Stevens*, 26 Cal. 4th 42, 58 (2001). "[A] stay is necessary" where the equitable tolling of the administrative proceeding does not apply to all of a plaintiff's claims. *Moyeda*, 2019 WL 912596, at *4. Likewise, the equitable tolling over the TAA claims may not extend to the remainder of A3's claims and A3 would be prejudiced by dismissal. Thus, Plaintiff objects to the Report because it requires dismissal when a stay is the appropriate course of action.

## IV. Conclusion.

In conclusion, A3 respectfully objects to the Magistrate's Report and Recommendation and asks the Court to decline to adopt same, and instead, deny Defendant's Motion to Dismiss on the grounds outlined above and in A3's opposition to Defendants' Motion to Dismiss.

Dated: February 12, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Benjamin T. Pendroff*
　　　　　　　　　　　　　　　　　　　　　　　Benjamin T. Pendroff
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24094893
　　　　　　　　　　　　　　　　　　　　　　　bpendroff@btlaw.com
　　　　　　　　　　　　　　　　　　　　　　　BARNES & THORNBURG LLP
　　　　　　　　　　　　　　　　　　　　　　　2121 N. Pearl Street, Suite 700
　　　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201-2469
　　　　　　　　　　　　　　　　　　　　　　　T: (214) 258-4200
　　　　　　　　　　　　　　　　　　　　　　　F: (214) 258-4199

　　　　　　　　　　　　　　　　　　　　　　　***Attorneys for A3 Artists Agency, LLC***

## CERTIFICATE OF SERVICE

I certify that, on February 12, 2024, a true and correct copy of the foregoing document was served on counsel of record via CM/ECF.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Benjamin T. Pendroff*
　　　　　　　　　　　　　　　　　　　　　　　Benjamin T. Pendroff