IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| A3 ARTISTS AGENCY, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:23-CV-715-DII |
| NIGHT MEDIA, INC. & EZRA COOPERSTEIN, | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendants Night Media, Inc. and Ezra Cooperstein's (collectively, "Defendants") motion to dismiss, (Dkt. 9). (R. & R., Dkt. 20). Plaintiff A3 Artists Agency, LLC ("A3") timely filed objections to the report and recommendation. (Objs., Dkt. 21). Defendants filed a response to A3's objections. (Resp., Dkt. 22).

In the report and recommendation, the magistrate judge recommends that the Court (1) dismiss A3's unfair competition claim without prejudice for failure to overcome California's presumption against the extraterritorial application of the California Unfair Competition Law ("UCL"); and (2) dismiss A3's claims without prejudice for failure to exhaust their administrative remedies by first submitting those claims to the California Labor Commissioner before resolution by this Court. (R. & R., Dkt. 20, at 8, 13–14).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). A3 timely objected to the magistrate judge's holdings as to both preemption under the UCL and administrative exhaustion. (Objs., Dkt. 21, at 1–4). The Court reviews this portion of

1

the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules A3's objections and adopts the report and recommendation as its own order.

In its objections, A3 also argues that even if this Court were to find that its claims should be presented to the California Labor Commissioner, the appropriate remedy would be to stay this case pending adjudication of those claims, rather than dismissing the claims. (*Id.* at 4). In support, A3 cites a California Supreme Court case, *Styne v. Stevens*, 26 Cal. 4th 42 (2001), which found that when a party's defense falls within the purview of the Talent Agencies Act ("TAA"), "the appropriate course is simply to stay the superior court proceedings and file a petition to determine controversy before the commissioner," *id.* at 58. Defendants respond that a stay is inappropriate as the TAA gives the parties an appellate remedy from any TAA ruling to a California superior court and as such A3 should not be able to prosecute their claims in this Court. (Resp., Dkt. 22, at 4 (citing Cal. Lab. Code § 1700.44(a))).

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation . . . ." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *See, e.g.*, *Jackson v. Tevas Pharm. USA, Inc.*, No. 1:20-CV-989-RP, 2020 WL 8642151, at *1 (W.D. Tex. Nov. 19, 2020). "When exercising its discretion, the Court is guided by the policies of justice and efficiency." *Id.* (internal quotation marks omitted).

The Court finds that A3 has not met its burden of establishing that a stay is needed in this instance. A3 has not persuasively argued what hardship it would face if this action were to be

dismissed without prejudice as opposed to stayed. Instead, it appears that a stay would compromise judicial economy by indefinitely delaying the resolution of this case while A3 pursues its administrative remedies. Thus, the Court in its discretion overrules A3's objection and declines to grant a stay. The Court will follow the recommendation of the magistrate judge and dismiss all of A3's claims without prejudice.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (R. & R., Dkt. 20), is **ADOPTED** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, (Dkt. 9), is **GRANTED**. A3's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment in a separate order.

**SIGNED** on March 5, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE